ROBERT. I. STEWART v. THEODORE L. WALTERS AND ISA-
DORE WALTERS.

1. A judgment by *cognovit*, after process has been served, may be entered
   in vacation, without a judge's or commissioner's order, and without
   affidavits.
2. Creditors in attachment in another court cannot set aside a judgment
   in this court obtained by the plaintiff against the defendant in attach-
   ment.
3. If the judgment be fraudulent, they may contest the same when offered
   in evidence before the auditor, and resist the allowance in the court
   where the attachment is pending.
4. If the auditor err in allowing a claim against the defendants, the
   report may be referred back to him to take testimony and correct his
   report.
5. Where a statute gives a summary proceeding in a court having gen-
   eral common law jurisdiction, without giving details and particulars
   of proceeding, these may be pursued according to the principles of the
   common law.

On motion in behalf of Phineas K. Apgar and others,
creditors in attachment of the defendants, to vacate the rule
entering the judgment in the above cause, and to set aside the
judgment of this court.

Argued at November Term, 1875, before Justices SCUDDER
and DIXON.

For the creditors, *H. C. Pitney*.

For the plaintiff, *S. Tuttle*.

The opinion of the court was delivered by

SCUDDER, J.   The plaintiff, Robert I. Stewart, brought
an action in this court to recover the amount of a promissory
note and interest.   On the day that this writ was returned,
the plaintiff sued out a writ of attachment in the Morris
County Circuit Court for the same debt.   In this court the
declaration was filed in due time, August 17th, 1874.   No

plea was filed, and judgment by default was not entered. April 1st, 1875, a *cognovit* was given. May 18th, 1875, this *cognovit* was filed in the clerk's office, and a rule for judgment final entered in favor of the plaintiff and against the defendants for the amount named therein, $1150, with costs.

A certified copy of this judgment was presented to the auditor, and he reported the amount of the same as due the plaintiff in attachment by his report filed in the Morris Circuit Court, July 7th, 1875. The other creditors, whose claims were comparatively small, filed exceptions to the report, because of the allowance of this judgment, and now come to this court seeking to avoid the judgment.

Admitting that creditors in attachment in another court whose claims have been reported by the auditor have the right to come to this court to set aside the judgment here, (of which notice will be taken hereafter,) we will consider the technical objections made to this judgment which relate to the manner of its entry.

It is said that it is void, and that the rule for judgment should be expunged, because there was no order of the court or of a judge for the entry, which was made in vacation, without any authority in law ; and there was no proof of the genuineness of the signatures of the defendants to the *cognovit*. There is no statute or practice in this state requiring such proof of the signatures before the judgment is entered. If they were false, the judgment would be fraudulent and void, but that must be established by proof whenever the judgment is formally questioned. Nor is it necessary that a judgment by *cognovit* should be entered either in court during term, or by a judge's or commissioner's order in vacation, where suit has been begun by process regularly issued and returned, served on the defendants. Our statute, section eleven of the act directing the mode of entering judgments on bonds with warrants of attorney to confess judgments, (*Rev.*, 1874, *p.* 369,) follows the act of February 19th, 1829, (*Elmer's Dig.* 46, § 7,) and is derived from the acts of February 20th, 1794, and March 9th, 1798. *Pat. Rev.* 454. The act of 1794, as expressed

in the preamble, was passed to remove doubts whether, as the law then was, actions might be entered by plaintiffs in person in the minutes, and whether judgments might be confessed by defendants in person in the courts of this state. The act of 1798 prescribed the mode of entering judgments on warrants of attorney. Both relate to proceedings in courts to enter judgments by confession without process, to bring the defendant in court, and not to judgments by consent upon *cognovit*, after process has been served. *Penn* v. *Meeks*, *Penn.* 151; *Elliott* v. *Woodhull*, 7 *Halst.* 126; *Hoguet* v. *Wallace*, 4 *Dutcher* 523.

Section two hundred and forty-one, Practice Act, (*Rev.*, 1874, *p.* 647,) regulates actions in the Supreme Court whenever a *cognovit* or *relicta* is given, or a verdict is obtained at the circuit, and provides for the entry of judgment before the return of the *postea* to the next term, upon two days' notice, and the order of the justice at the circuit.

Section one hundred and forty-four, Practice Act, (*Rev.*, 1874, *p.* 626,) enables the plaintiff in any action at law, where the defendant has omitted to plead in time to enter judgment as of course, either in term time or vacation. This was said on the argument to be the only case under our law where judgment can be entered in vacation without a judge's or commissioner's order. The case of *Hoguet* v. *Wallace* is decisive on this point. It was there insisted by a subsequent judgment creditor, that prior judgments were void, because they were entered in vacation upon *cognovit* and assessments made by the clerk of the court before the defendant's time for pleading had expired. It was held that the judgments were lawfully entered on *cognovit*. It was also decided that there need not be affidavits, because judgments entered after service of process are not within the act. This agrees with the books of practice and many cases reported. If the *cognovit* be made unconditionally after process, the plaintiff may sign judgment and sue out execution when he pleases, in vacation or in term, and without a judge's or commissioner's order. 2 *Ch. Arch. Pr.* 945, (*ed.* 1866;) 1 *Tidd's Pr.* 560; 1 *Burrill's Pr.* 381;

*Hogeboom* v. *Genet,* 6 *Johns.* 325 ; *Thompson* v. *Langridge,* 1 *Ex.* 351 ; *Calvert* v. *Tomlin,* 5 *Bing.* 1 ; *Keep* v. *Leckie,* 8 *Rich.* (*Law.*) 164.

But if this judgment were defective, it is still questionable whether the creditors under the attachment are in a position to have it set aside. It is true that creditors whose rights are affected by a confessed judgment may contest its validity, and may show that it is irregularly entered, or fraudulent. *Clapp* v. *Ely,* 3 *Dutcher* 555. This is done in cases of junior judgments, where prior judgments are claimed to be liens upon property or funds of the defendant, and endanger or defeat a recovery under the later liens. It may be affected by direct proceeding in the court where the judgment is entered ; but it is doubtful whether these creditors in attachment have any standing in this court to make such motion, for the reason that they are not yet judgment creditors. *Melville* v. *Brown,* 1 *Harr.* 363 ; *Hunt* v. *Field,* 1 *Stockt.* 36 ; *Young* v. *Frier,* 1 *Ib.* 465 ; *Mittnight* v. *Smith,* 2 *C. E. Green* 259.

For other reasons, however, it is clear that they can have no remedy here, and have mistaken their forum. This judgment is good between the parties to the record in this court, and the creditors in attachment have no right to complain if it is executed against other property of the defendants not taken under the attachment. It comes into collision with the interests of the creditors in attachment not in this court, but in the proceedings of another court where it is offered in evidence before the auditor as proof of the amount of the claim of the plaintiff in attachment. These creditors are not concluded by the judgment between other parties, but may impeach it as a fraud upon themselves. The estoppel of a judgment *in personam* only binds parties and privies, and does not extend to those who are strangers in person and estate. *Doe* v. *Oliver, and notes,* 2 *Smith's Lead. Cas.* *683.

If this judgment was fraudulently confessed, as the creditors here assert, for a large amount, for the purpose of being used against them in the attachment, and to prevent the recovery of their claims, they may follow up their exceptions to

the auditors' report in the Morris Circuit Court and have their rights there adjudged. The auditor is appointed by the court to audit and adjust the demands of the plaintiff in attachment, and of the defendants' creditors, who shall apply to the court or to the auditor for that purpose. (§ 44.) He has the power to administer oaths or affirmations to all witnesses that may be produced before him in support of, or in opposition to, any claims or demands that may be put in by the plaintiff or others. (§ 48.) His report is made in writing, and filed with the clerk. After ten days filing it must first be approved by the court or a judge before the order is made, that judgment may be entered thereon. Opportunity is given in these proceedings for all claimants to prove their own claims and resist the demands of others. If the auditor has improperly allowed this claim in controversy without examining it, supposing himself to be concluded by the record of the judgment, the report may be referred back to him, and the evidence can be taken, if there be any, to show that the judgment is a fraud and a nullity, as to the creditors of the defendants. This evidence may be returned with the report of the auditor, and, if required, passed upon by the court before judgment is entered for the plaintiff in attachment. Several cases in this court have settled this practice under the attachment act. In *Berry* v. *Callet*, 1 *Halst.* 179, the Court of Common Pleas, in which an attachment was pending, granted a rule to show cause why the report of auditors should not be set aside. Upon application to this court to compel them to enter judgment upon the report, the *mandamus* was refused, and it was there decided that the court below might refuse to enter judgment and refer the matter back to the auditors. It was there argued by counsel, and I think correctly, that where the statute gives a summary proceeding in a court having general common law jurisdiction, without giving the details and particulars of proceeding, these may be pursued according to the principles of the common law.

*Taylor* v. *Woodward*, 5 *Halst.* 1, followed the earlier case in determining that the report might be sent back to the auditor by the court for correction.

Justice Whelpley, in *Phœnix Iron Co.* v. *New York Railroad Chair Co.*, 3 *Dutcher* 484–491, says : " I entertain no doubt but that this court has the power to look into this report and ascertain whether the auditors have proceeded according to law, or whether they have disregarded the evidence before them ; and if they have done so, in the opinion of the court, to set aside the report and refer the matter back to them."

If, in this case, the auditor has mistaken the law, the Circuit Court will, upon application, refer the matter back to the auditor, that proofs may be taken to show whether the judgment has been entered in good faith or in fraud of the creditors.

For the reasons above given, the rule to expunge the order for judgment in this court and vacate the judgment, is refused.